IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                                                 Crim. No. 16-2897 MV

v.

AARON ALONZO,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Aaron Alonzo's Unopposed Motion for Subpoena *Duces Tecum* With Respect to Criminal Records [Doc. 33], filed on February 5, 2018. The Court, having considered the Motion and the relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

### BACKGROUND

Mr. Alonzo is charged with aggravated sexual abuse, kidnapping, and assault by strangling or suffocating of Jane Doe, a person who was his girlfriend at or around the time of the incident on November 7, 2015. [Doc. 2]. On the instant Motion, Mr. Alonzo requests, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, the Court's permission to issue a subpoena *duces tecum* to the New Mexico Department of Public Safety Forensic Laboratories (NMDPS) seeking information related to the DNA testing performed in this case. Specifically, Mr. Alonzo seeks 19 categories of information related to the DNA testing performed in this case: case file; data files; testing documentation relied upon; laboratory description; laboratory personnel; identification of the genetic loci analyzed; genotypic databases; chain of custody and disposition of evidence documentation; software and macros; records of maintenance, trouble-shooting, or

problems encountered during testing; developmental validation; internal validation; proficiency tests; accreditation; documentation of corrective action for discrepancies and errors; technicians' profiles; error rates; acceptable use; and audits. [Doc. 33 at 1-5]. The government does not oppose this request. *Id*. at 9.

## DISCUSSION

Rule 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(a) describes the process for obtaining subpoenas returnable at trial by those who are able to pay for them. Specifically, a party obtains from the clerk a blank subpoena, signed and sealed, and then fills in the time and place at which the witness must attend and testify. Fed. R. Crim. P. 17(a). Rule 17(b) describes the procedure for defendants who are filing an *ex parte* application and are unable to pay the required fees.

Rule 17(c) governs the issuance of subpoenas *duces tecum*, and enables either party to obtain documents or other physical evidence. Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). While Rule 17(c) provides no specific direction as to how to obtain a subpoena *duces tecum*, courts have interpreted the language of the rule to "indicate[] that an application for a subpoena *duces tecum* returnable at trial is governed by the provisions of Rule 17(a) and 17(b) dealing with the issuance of trial subpoenas." *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995).

Unlike a trial subpoena issued under Rule 17(a) or 17(b), however, Rule 17(c) provides that a subpoena *duces tecum* may be made returnable *before* trial or other evidentiary hearing. As

noted above, the second sentence of the rule provides that the court "may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c); *see also United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951) ("Its [Rule 17(c)] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.")). Rule 17, however, provides no "guidance as to the proper procedure for obtaining a pretrial subpoena *duces tecum*." *Reyes*, 162 F.R.D. at 470.

The Supreme Court has long established that "Rule 17(c) is not intended to provide an additional means of discovery." *Bowman Dairy*, 341 U.S. at 220. Accordingly, a party seeking issuance of a subpoena *duces tecum* under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial: and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700). In order to meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700). It is insufficient that the requested evidence "may have some potential of relevance and evidentiary use." *United States v. Sellers*, 275 F.R.D. 620, 624 (D. Nev. 2011). "The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a 'fishing expedition to see what may turn up.'" *Id.* (quoting *Bowman Dairy*, 341 U.S. at 221). As the court noted in *United States v. Noriega*, "[i]f the moving party cannot reasonably specify the information contained or believed to be contained

3

in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." 764 F. Supp. 1480, 1493 (S.D. Fla. 1991).

Mr. Alonzo seeks 19 categories of information related to the DNA testing performed in this case. The Court finds that each category of information sought satisfies the *Nixon* test, and that pretrial production of these materials is justified.

**IT IS THEREFORE ORDERED** that Mr. Alonzo's Motion for Rule 17(c) Subpoena *Duces Tecum* [Doc. 33] is granted, as follows:

1. Defense counsel shall revise its proposed Subpoena *Duces Tecum* in conformity with this Order, as follows:

   A. The requested materials shall be returnable to the Court at the following address:

   Chambers of Judge Vázquez
   U.S. Courthouse
   106 South Federal Place, 2nd Fl.
   Santa Fe, NM 87501
   Attn:  Maren Christensen

   B. The requested materials shall be due no later than five days from the date of receipt of the Subpoena by NMDPS.

   C. NMDPS shall have five days from the date it receives the Subpoena to file a motion to quash the Subpoena in accordance with Fed. R. Crim. P. 17(c)(2). If NMDPS files a motion to quash within the time period allowed as to some of the documents, but not all of the documents, those documents not subject to an objection shall be delivered to the Court no later than five days from the date of receipt of the Subpoena by NMDPS.

2. Once defense counsel has revised the Subpoena, she shall submit the revised Subpoena to the Clerk of the United States District Court for the District of New Mexico for

issuance.

3. The Clerk's Office shall issue the revised Subpoena, and once the Subpoena has been issued, the Clerk's Office shall contact defense counsel.

4. Defense counsel shall be responsible for service of the Subpoena upon NMDPS.

5. Upon receipt of the responsive materials, the Court will notify both parties that the documents are available for inspection and copying.

6. The cost of process, fees, and expenses associated with service of the revised Subpoena shall be paid as if subpoenaed on behalf of the government.

DATED this 12th day of February, 2018.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE